UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 05-029

JAMES FREEMAN                           SECTION: R(1)

**ORDER AND REASONS**

Before the Court is James Freeman's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the Court DENIES the petition.

**I.   BACKGROUND**

On March 9, 2005, petitioner pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of possession with the intent to distribute 500 grams or more of cocaine hydrochloride and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On June 22, 2005, Freeman was sentenced to 240 months imprisonment as to the first count and 120 months imprisonment as to the second count, to run concurrently. Freeman did not appeal his sentence. On June 19, 2007, Freeman filed this habeas petition under 28 U.S.C. § 2255,

claiming violations of his Fifth and Sixth Amendment rights.

## II. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations in which federal prisoners may file a motion for collateral relief under 28 U.S.C. § 2255. The statute of limitations begins to run from the latest of several specific dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The relevant date for petitioner runs from the date his conviction became final.

The Court must dismiss Freeman's petition as untimely. While neither the Supreme Court nor the Fifth Circuit has directly addressed the issue, other circuits and lower courts in this circuit have held that an unappealed criminal conviction becomes final at the expiration for filing a direct appeal. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005);

*Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999); *United States v. Cruz-Garcia*, 2005 WL 2060976 at *2-*3 (E.D. La. 2005); *Plascencia v. United States*, 2005 WL 2124465 at *1 (N.D. Tex. 2005).  This Court entered Freeman's judgment and commitment order on June 24, 2005.  Under Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant has 10 days, excluding weekends and holidays, to file a notice of appeal.  Thus, petitioner had until July 11, 2005 to file a direct appeal, and when he did not, his conviction became final.

Freeman had until July 11, 2006 to file a petition for habeas corpus under 28 U.S.C. § 2255(f)(1).  He filed this petition on June 29, 2007, over eleven months past the termination of the one-year statute of limitations.  The petition is thus time-barred.  As such, the Court will not address the merits of petitioner's claims.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the petition to vacate, set aside, or correct sentence.

New Orleans, Louisiana, this 14th day of July 2008.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE