UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                           NO: 05-29

JAMES FREEMAN                                    SECTION: R


**ORDER AND REASONS**

Before the Court is defendant James Freeman's motion to appeal *in forma pauperis*.[1]  Because the Court finds that Freeman has sufficient funds to cover the cost of this action and that Freeman has not met the requirements of 18 U.S.C. § 1915, the motion is DENIED.


I.   BACKGROUND

On January 27, 2005, Freeman was indicted on one count of conspiracy to distribute and to possess with the intent to

---

[1]   (R. Doc. 50.)

distribute five kilograms or more of cocaine hydrochloride and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D) and 846, and one count of possession with the intent to distribute 500 grams or more of cocaine hydrochloride and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and (b)(1)(D).[2]  On March 9, 2005, Freeman pleaded guilty to both counts of the indictment and also to a superseding bill of information charging him with having a prior felony drug conviction.[3]  In his written plea agreement, Freeman acknowledged that he would be subject to a mandatory statutory minimum sentence of 20 years imprisonment as to count one and 10 years imprisonment as to count two.[4]  Freeman also expressly waived his right to appeal his sentence on any ground other than imposition of a sentence in excess of the statutory maximum.[5]  On June 23, 2005, the Court granted the government's motion for a three-point downward adjustment to Freeman's base offense level for his acceptance of responsibility pursuant to

---

[2]     (R. Doc. 1.)

[3]     (R. Doc. 11.)

[4]     (R. Doc. 12.)

[5]     (*Id.*)

§ 3E1.1(b) of the United States Sentencing Guidelines.[6]  The Court sentenced Freeman to the statutory minimum sentence of 20 years imprisonment as to count one and 10 years imprisonment as to count two.[7]

On June 29, 2007, Freeman filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[8]  The Court denied the motion because it was untimely.[9]  Freeman sought permission to appeal *in forma pauperis*.[10]  On October 22, 2008, the Court denied that motion, finding that Freeman had sufficient funds to pay the filing fee[11] and subsequently refused to issue a certificate of appealability.[12]  On August 6, 2009, the Court of Appeals for the Fifth Circuit likewise denied both Freeman's motion to proceed *in forma pauperis* and his motion requesting a certificate of appealability.[13]

---

[6]     (R. Doc. 18.)

[7]     (R. Doc. 19.)

[8]     (R. Doc. 23.)

[9]     (R. Doc. 26.)

[10]    (R. Doc. 30.)

[11]    (R. Doc. 31.)

[12]    (R. Doc. 32.)

[13]    (R. Doc. 36.)

3

Freeman then filed a petition for a writ of *coram nobis*[14] and a second motion to proceed *in forma pauperis*.[15] The Court treated Freeman's motion for a writ of *coram nobis* as a motion for certification to file a second § 2255 motion[16] and, on October 13, 2009, transferred the motion to the Fifth Circuit pursuant to 28 U.S.C. § 2255(h). On November 4, 2009, the Court denied Freeman's second motion to proceed *in forma pauperis*, finding again that Freeman had sufficient funds to pay the filing fee.[17] On November 29, 2009, the Fifth Circuit denied the motion for certification to file a second § 2255 motion.[18]

On May 3, 2010, Freeman filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), suggesting that his sentence should be reduced based on United States Sentencing Commission Amendments 706 and 711, which reduce the base offense levels for certain crack cocaine offenses[19] The Court denied Freeman's motion on June 4, 2010, because the charges in the

---

[14]   (R. Doc. 38.)

[15]   (R. Doc. 37.)

[16]   (R. Doc. 39.)

[17]   (R. Doc. 42.)

[18]   (R. Doc. 43.)

[19]   (R. Doc. 44.)

indictment to which Freeman was sentenced involve only cocaine powder, and because Freeman was sentenced to a statutory minimum term of imprisonment.[20]  Freeman filed this motion to appeal *in forma pauperis* on October 11, 2010.[21]

## II.  STANDARD

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  "Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  *Id.*  A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e).  A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*.  *See Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*,

---

[20]   (R. Doc. 45.)

[21]   (R. Doc. 50.)

842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship.").

A motion to proceed *in forma pauperis* should be granted when denial would result in undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tx. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept.  However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. DISCUSSION**

The Court finds, for the third time, that Freeman is ineligible to proceed *in forma pauperis* because he has sufficient funds in his prison account.  *Taylor v. Gage*, 105 F.3d 652, 1996 WL 762689, *1 (5th Cir. 1996) ("Section 1915 also requires a prisoner to pay the full filing fee when filing an appeal IFP, unless insufficient funds exist in his prison account."); *see also Unites States v. Montilla-Pena*, No. C-03-369(4), 2008 WL

4820758, at *1, n.1 (S.D. Tex. Nov. 5, 2008) (expressing doubt whether prisoner who had average daily balance of $951.32 in prisoner account could qualify as a pauper).  Freeman's affidavit indicates that he has $1196.71 in his prison account, earns $40.00 per month, and receives $300.00 per month in gifts from family.[22]  Although Freeman has somewhat less in his account than when the Court last denied his motion to proceed *in forma pauperis*, Freeman still has sufficient funds to cover the filing fee.

In addition, Freeman has failed to comply with 18 U.S.C. § 1915(a)(1), which requires a party to a district-court action who desires to appeal *in forma pauperis* to state in an affidavit the "nature of the action, defense or appeal and his belief that he is entitled to redress."  *See also* Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal.").  Because Freeman's affidavit contains no such statement, he may not proceed *in forma pauperis.*

---

[22]   (R. Doc. 50.)

**IV. CONCLUSION**

For the foregoing reasons, Freeman's motion to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this 21st day of October, 2010.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE